```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
RAPTURE SHIPPING LTD.,                  :
                                        :
                Plaintiff,              :   06 Civ. 5296(JFK)
                                        :
        - against -                     :   OPINION AND ORDER
                                        :
ALLROUND FUEL TRADING B.V. CHEMOIL,     :
a/k/a CHEMOIL EUROPE B.V.,              :
                                        :
                Defendants.             :
---------------------------------------X
```

**APPEARANCES**

    **For Plaintiff Rapture Shipping Ltd.**

        TISDALE & LENNON, LLC
        11 West 42nd Street, Suite 900
        New York, New York 10036
          Of Counsel: Patrick F. Lennon, Esq.
                      Lauren C. Davies, Esq.

    **For Defendant Allround Fuel Trading Chemoil B.V.**

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        150 East 42nd Street
        New York, New York 10017
          Of Counsel:  Lawrence B. Brennan, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

## INTRODUCTION

Plaintiff Rapture Shipping Ltd. ("Rapture") commenced this action on July 13, 2006. On that day, Rapture obtained an <u>ex parte</u> order of attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Defendant Allround Fuel Trading Chemoil B.V. ("Allround")[1] now moves pursuant to Rule E(4)(f) of the Supplemental Rules to vacate the attachment and to preclude Rapture from obtaining future attachments. For the reasons that follow, Allround's motion is granted.

## BACKGROUND

On January 31, 2003, Rapture filed an action in this district seeking to recover damages arising out of a delivery of allegedly defective fuel to its vessel, the M/V MONAGAS II ("Monagas"). In this first complaint ("03-738"), Rapture asserted claims against Allround and another defendant for products liability, negligence, and fraud. The complaint also contained a prayer for a Rule B order of attachment if the defendants could not be found in the district. (Compl. 03-738, p. 7, para. 2.) Rapture concedes that neither it nor the Court acted on the requested order of attachment. (Rapture Mem. of Law

---

[1] The caption of this case is incorrect. It lists the defendant as "Allround Fuel Trading B.V. Chemoil."

at 15.)  On April 21, 2003, Defendants filed an Answer and Counterclaim.  By Memorandum and Order dated February 10, 2004, the Court granted defendants' motion to compel arbitration and to stay the action.  <u>Rapture Shipping, Ltd. v. Allround Fuel Trading B.V.</u>, 350 F. Supp. 369, 370-72 (S.D.N.Y. 2004).  The Court directed the parties to provide updates of any developments as to the status of the arbitration that might require the Court to return the matter to the active docket.  <u>Id.</u> at 375.

In May 2006, after receiving no word from the parties for over two years, the Court directed that Docket No. 03-738 be administratively closed.  On May 31, 2006, Chief Judge Michael B. Mukasey entered an order of administrative closure.

On July 13, 2006, Rapture filed a second complaint in this district ("06-5296").  This time, Rapture names only Allround as a defendant.  The 06-5296 complaint seeks a Rule B order of attachment and requests that the Court confirm any arbitration award or judgment rendered on Rapture's behalf and that the Court maintain jurisdiction over the action.  Judge Richard J. Holwell, sitting in Part I, signed the Rule B order of attachment.  Allround now moves pursuant to Rule E(4)(f) to vacate the attachment.

## DISCUSSION

"[P]laintiffs may not file duplicative complaints in order to expand their legal rights."  <u>Curtis v. Citibank, N.A.</u>,

3

226 F.3d 133, 140 (2d Cir. 2000). Rapture contends that it has not done so because 03-738 was closed at the time that 06-5296 was filed. While it is true that the Court administratively closed 03-738 on May 31, 2006, this closure was not a substantive dismissal. "[A]n administrative closing has no effect other than the removal of all case records to the Closed Records office and, in some instances, to warehouse storage outside of the courthouse." Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd., 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994) (Sprizzo, J.); see also Corien Corp. v. Chen, 964 F.2d 55, 56-57 (1st Cir. 1992) (administrative closure pending arbitration not equivalent to a final judgment of dismissal). Administrative closures do not terminate cases on the merits, as the order itself makes clear.[2]

In addition, Rapture argues that while 03-738 asserted claims for products liability, negligence and fraud, "the sole

---

[2] The May 31, 2006 administrative closure order in 03-738 reads in its entirety:

> All presented contemplated proceedings having been completed, and there having been no action for more than twelve months, there appears to be no further reason at this time to maintain this action as open for statistical purposes, [sic] the Clerk is instructed to complete a JS-6 closing report for this case.
>
> Nothing contained in this minute order shall be considered a dismissal or disposition of this matter, and should further proceedings in them [sic] become necessary or desirable, any party may initiate it in the same manner as if this minute order had not been entered.

4

purpose of [06-5296] is for Rapture to attain security for the arbitration proceeding compelled by this Court in [03-738]." (Rapture Mem. of Law at 15.)  Thus, Rapture argues, 06-5296 is not duplicative of 03-738.  The Court disagrees.  In 03-738, Rapture, by its own admission, did not seek a Rule B <u>ex parte</u> attachment.  Once Allround answered, thereby consenting to the Court's jurisdiction, there could be no <u>ex parte</u> attachments because "security cannot be obtained except as an adjunct to obtaining jurisdiction."  <u>Seawind Compania, S.A. v. Crescent Line, Inc.</u>, 320 F.2d 580, 582 (2d Cir. 1963).  Now, by commencing 06-5296, Rapture has obtained the <u>ex parte</u> security anyway, even though 03-738 was still pending, and even though there was no longer any jurisdictional issue in that matter.  In the Court's view, this is not the purpose of Rule B.  Moreover, contrary to Rapture's contentions, 06-5296 is no different from 03-738.  They arise out of the same event (the delivery of allegedly defective fuel), involve the same parties (other than the extra defendant in 03-738), and are pending in the same court at the same time.

      Rapture's invocation of 9 U.S.C. § 8 does not alter the analysis.  The statute provides:

> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have

>     jurisdiction to direct the parties to proceed with
>     the arbitration and shall retain jurisdiction to
>     enter its decree upon the award.

9 U.S.C. § 8.  Under this section, "a party may obtain an order compelling arbitration on a claim even though the party chose to initiate a suit in admiralty on that same claim; it also provides that if this suit is commenced, the order can be obtained within the proceeding and that there is no need to follow the procedure prescribed in [9 U.S.C. § 4] of commencing a separate procedure by filing a petition." Greenwich Marine, Inc. v. S.S. Alexandra, 339 F.2d 901, 904 (2d Cir. 1965).  In other words, the statute "give[s] an 'aggrieved' party the benefit of the security provided by jurisdiction in rem while preserving the right to arbitrate." Diana Compania Mar. S.A. v. Subfreights of the S.S. Admiralty Flyer, 280 F. Supp. 607, 615 (S.D.N.Y. 1968) (Herlands, J.).  It does not permit a plaintiff to commence a second action solely for the purpose of obtaining an ex parte attachment that was no longer available in the first action, even if the Court has ordered that first action to arbitration.

The Court is cognizant of case law holding that an aggrieved party may commence an action and obtain a Rule B attachment after making a demand for arbitration, or even after arbitration has commenced.  As Judge Weinfeld explained:

>     It is true in this instance the attachment was
>     issued after the arbitration had been commenced,
>     whereas [9 U.S.C. § 8] states that a party "may
>     begin the proceeding" by seizure of a vessel.

6

> However, there is nothing in the Act that suggests the provisional remedy may not be applied for after the commencement of arbitration. As has been observed, arbitration is a phase of a suit in admiralty, and it is immaterial that the arbitration was commenced prior to the filing of the suit wherein the attachment was obtained.

Paramount Carriers Corp. v. Cook Indus., Inc., 465 F. Supp. 599, 602 (S.D.N.Y. 1979); see also Reefer Express Lines Pty. Ltd. v. Petmovar, S.A., 420 F. Supp. 16, 18 (S.D.N.Y. 1976) (Bonsal, J.) (similar analysis). These cases, however, do not parallel the situation at bar. They did not involve simultaneously pending actions in the same court, nor did they involve a situation in which the defendant already submitted to the jurisdiction of the Court in the action that went to arbitration.

The Court concludes that 06-5296 is duplicative of the prior pending action, 03-738. In such an instance, the Court has discretion to "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Curtis, 226 F.3d at 138. "Of course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Id. at 138-39. As part of its broad power to maintain control over its docket, the Court in its discretion chooses to dismiss 06-5296. This dismissal necessarily results in the vacatur of the attachment.

CONCLUSION

Allround's motion is granted. Rapture's complaint (Dkt. No. 06 Civ. 5296) is dismissed with prejudice. The Rule B order of attachment, dated July 13, 2006, is vacated. The Clerk of the Court is directed to close No. 06 Civ. 5296 and remove it from the active docket. No. 03-738 remains pending, albeit administratively closed. The parties are directed to give the Court a status update on 03-738 no later than December 22, 2006.

SO ORDERED.

Dated:   New York, New York
         August 28, 2006

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge