UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X
RAPTURE SHIPPING LTD.,                 :
                                       :
                 Plaintiff,            :   06 Civ. 5296(JFK)
                                       :
          – against –                  :   **OPINION AND ORDER**
                                       :
ALLROUND FUEL TRADING B.V. CHEMOIL,    :
a/k/a CHEMOIL EUROPE B.V.,             :
                                       :
                 Defendants.           :
--------------------------------------X

**JOHN F. KEENAN, United States District Judge:**


        In an Opinion and Order dated August 28, 2006, the

Court granted Defendant Allround Fuel Trading B.V. Chemoil's

("AFT"'s) motion to vacate the order of maritime attachment that

Plaintiff Rapture Shipping, Ltd. ("Rapture") obtained ex parte on

July 13, 2006.  Familiarity with that decision and the underlying

facts in this action is assumed. See Rapture Shipping Ltd. v.

Allround Fuel Trading B.V. Chemoil,  06 Civ. 5296 (JFK), 2006

U.S. Dist. LEXIS 60771 (S.D.N.Y. Aug. 28, 2006)("Order").  Under

Federal Rule 62(a), the vacatur of the order of attachment was

automatically stayed until September 15, 2006.  On September 15,

2006, Plaintiff moved for (i) reconsideration of the Court's

decision, pursuant to Local Civil Rule 6.3; or (ii) in the alternative, a stay of the vacatur of the order of attachment, pending the outcome of Plaintiff's appeal, pursuant to Federal Rule 62(d).  Immediately prior to the stay's expiration on September 15, 2006, the Court ordered that the stay be extended until the Court decided the instant motion.

For the reasons discussed below, Plaintiff's motion is denied in its entirety and the stay of the vacatur of the order of attachment is deemed to have expired.

_Motion for Reconsideration_

Local Civil Rule 6.3 permits reconsideration motions so that the parties may bring to the Court's attention "matters or controlling opinions which counsel believes the court has overlooked."  Rule 6.3 is strictly construed in order to spare the Court the time-wasting task of considering repetitive arguments on decided issues.  See, e.g., Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999).  The decision to deny a motion for reconsideration is at the district court's discretion and will not be overturned on appeal absent a finding of abuse of that discretion. RMED Int'l, Inc. v. Sloan's Supermarkets, Inc., 207 F. Supp. 2d 292, 295 (S.D.N.Y. 2002).

Rapture argues that the Court failed to consider ample Second Circuit case law that holds that a defendant's filing of a general appearance in an action is not sufficient to satisfy Rule B's "presence" requirement so as to defeat maritime attachment. Thus, Rapture argues, the fact that AFT appeared before this Court as a defendant in an earlier suit brought by Rapture ("03-738"), and now appears before the Court in the current action ("06-5296"), is insufficient, standing alone, to defeat the order of attachment under Rule B.  Rapture contends that the Court "ignored the Second Circuit's well established 'presence' test." (Rapture's Mem. of Law in Support of Mot. for Reconsideration, at 3-4.) Under that test, as Rapture points out, to defeat a Rule B attachment, a defendant must be able to accept process <u>and</u> show that it is "engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." (Rapture's Memo. of Law in Opp., at 5) (quoting <u>VTT Vulcan Petroleum v. Langham-Hill Petroleum, Inc.</u>, 684 F. Supp. 389, 390 (S.D.N.Y. 1988). Rapture contends, and AFT appears to concede, that AFT does not carry on sufficient activity within this jurisdiction to satisfy the Second Circuit's "presence" test.  Rapture asserts that the Court nevertheless found AFT's general appearance and consent to jurisdiction in 03-738 to be sufficient to satisfy Rule B's

presence requirement; therefore, Plaintiff argues, the Court misinterpreted the applicable law.

Rapture, however, misreads the Court's Order.  The Court did not rule, either expressly or by implication, on whether AFT's consent to jurisdiction was sufficient to satisfy Rule B's "presence" requirement.[1]  Rather, as the Court plainly stated in its Order, Rapture's complaint was dismissed, and the order of attachment vacated, because 06-5296 was wholly duplicative of 03-738, an earlier action that remains pending before this Court and involves virtually identical parties, claims, and underlying facts.[2]  It is well settled that a

---

[1]The Court noted that, in 03-738, Rapture did not file for an ex parte attachment and that AFT's answer in that action constituted a consent to jurisdiction.  The Court observed that it is "not the purpose of Rule 8" to grant a plaintiff an ex parte order of attachment in a duplicative later action, where the earlier action remains pending before the same court and jurisdiction over the defendant is no longer an issue. (Order, at 5.)  Although the Court cited Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963), as stating that an attachment cannot be obtained "except as an adjunct to obtaining jurisdiction," the Court took no position on what requirements a plaintiff must satisfy in non-duplicative actions where the defendant has consented to jurisdiction, in order to defeat a motion to vacate an order of attachment under Rule B.

[2]The Court observed that 03-738 remains pending, despite an administrative closure of that action that was ordered for purely statistical reasons and that expressly provided that "[n]othing contained in this [administrative closure] order shall be considered a dismissal or disposition of this matter." (Order, at 3-4 & n.2.)  The Court then compared Rapture's 03-738 with 06-5296 and found that both actions "arise out of the same event (the delivery of allegedly defective fuel), involve the same parties (other than the extra defendant in 03-738), and are pending in the same court at the same time." (Order, at 5.)

district court, when confronted with a duplicative action, has discretion to dismiss the duplicative action. <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000).  The Court thus properly exercised its discretion to dismiss 06-5296 and vacate the order of attachment that was issued in that matter.

As there were no matters or controlling opinions that the Court overlooked in rendering its decision, Rapture's motion for reconsideration is denied.


<u>*Motion to Stay Judgment Pending Appeal*</u>

In the alternative, Rapture requests that the stay of the vacatur of the order of attachment be extended, pending Rapture's appeal, pursuant to Fed. R. Civ. P. 62(d).  Rule 62(d) provides as follows:  "When an appeal is taken the appellant by giving a supersedes bond may obtain a stay . . ."  Rapture, however, has not yet filed a notice of appeal, nor has it posted bond.  As a result, Rapture's motion is untimely, and the Court has no power to grant a stay under Rule 62(d). <u>See</u> <u>SEC v. Johnson</u>, 03 Civ. 177, 2006 U.S. Dist. LEXIS 63001, 4-5 (S.D.N.Y. 2006) (Keenan, J.); <u>United States v. One 1962 Ford Galaxie Sedan</u>, 41 F.R.D. 156 (S.D.N.Y. 1966) (Tenney, J.).

Accordingly, Rapture's motion for a stay of judgment pending appeal is denied.

**CONCLUSION**

Rapture's motion is denied in its entirety. Now that the Court has rendered its decision in this matter, the stay of this Court's Order vacating the July 13, 2006 Rule B order of attachment is hereby deemed to have expired.

**SO ORDERED.**
**Dated:** **New York, New York**
**October** **4** **, 2006**

JOHN F. KEENAN
United States District Judge

6